[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DISCLOSURE OF MENTAL HEALTH INFORMATION
The defendant has filed a motion to compel disclosure of several items of mental health history from the plaintiff mother, alleging that she has placed her mental health in issue with respect to the controversy between the parties over the custody of their son, Adrian, age 6.
During a hearing on the motion, the defendant, in the alternative, asked that the court order psychological evaluations of the parties to complete the earlier order of the court, which mandated Family Services to manage the evaluative process privately contracted by the parties with Newington Childrens' Hospital. Rather than doing psychological evaluations of the parties, Newington conducted a custody evaluation without the benefit of full psychological evaluations. Both the Family Services Supervisor, Stephen R. Grant, and the Family Services Counselor assigned this case, Clayton Lovallo, Jr., agreed that while Newington did not adhere to the order of the court completely, they preceded in what they considered to be a custody evaluation that met the needs of the child, and hence, the needs of the court. Both Mr. Grant and Mr. Lovallo felt that closure was necessary and any further delay in CT Page 11361 the process of completing the case would be detrimental to the child. They both felt that Mr. Lovallo had enough information to make a valid recommendation to the court without a full battery of psychological tests.
There were different classes of information requested by the defendant. Clearly, the experts chosen by the parties, those from Newington, are subject to deposition, and courtroom examination as to the factual and evaluative underpinnings of their recommendations. Because that evaluation was court-ordered, it is subject to full scrutiny. The attorney for the minor child argues correctly that the process for such inquiry already exists if our Practice Book and can be accessed simply by a notice of deposition. The defendant will be required do that if he requires such an inquiry prior to trial.
The defendant further sought an order of disclosure of the records and names of plaintiff's treating psychiatrists and psychologists from the past, alleging that she had placed her mental state in question in seeking custody of the child. The plaintiff has claimed her statutory privilege. The defendant has not proved, in the confines of this motion that this court should override the privilege, and allow access to those materials. Neither of the tests articulated in Cabrera v. Cabrera, 23 Conn. App. 330, d 339, 580 A.2d 1227, 1233
(1990) have been met here.
Furthermore, this court will not find that the mere dispute over custody is in and of itself equivalent to pursing one's mental health in issue. While the Supreme Court had not ruled on this issue, Bieluch v. Bieluch, 190 Conn. 813, 819 (1983), this court believes that so many issues must be assessed in a custody determination, that one discrete issue must nor overtake the determination. Certainly, with the adoption of the Americans with Disabilities Act, U.S. Code ___ (citation omitted), the conduct of the parties rather than their mental status must be the focus of the court in assessing the extent and quality of involvement of each parent in the life of the child. What has been made clear to the court in this case is that these parties will need clinical therapeutic healing over time, if they ever intend to minimize the trauma they have inflicted on CT Page 11362 their child.
For the foregoing reasons, the court denies the defendant's motion to compel disclosure of plaintiff's past mental health records.
The parties attempted, after this hearing, to agree to new psychological evaluations. This court refused to ratify their agreement, and will not allow new evaluations to proceed if those evaluations interfere with the scheduled dates for trial of this matter. The Family Services Unit has expressed their ability to make a recommendation to the court, the attorney for the minor child has argued for closure, and this court will not encourage further delay by the parties.
The attorneys of record are ordered to status conference this matter with the court, at a mutually agreeable time within five (5) business days from receipt of this memorandum, which will be considered received four (4) days from the date of this memorandum.
Dranginis, J.